Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff

AUGUST IMAGE, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SHORT STORY, INC.,<br><br>    Defendant. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff August Image, LLC ("Plaintiff") sues defendant Short Story, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1.  Plaintiff is a limited liability company organized and existing under

the laws of the State of New York with its principal place of business located in New York, NY.

2. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1401 21st Street, Suite R, Sacramento, CA 95811. Defendant's agent for service of process is Registered Agents Inc, 1401 21st Street, Suite R, Sacramento, CA 95811.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing

Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

# FACTS

**I.      Plaintiff's Business**

6.      From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7.      Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8.      Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

**II.     The Work at Issue in this Lawsuit**

9.      Art Streiber is one of the many renowned photographers represented by Plaintiff.

10.     Mr. Streiber, a Los Angeles based photographer, is a director

specializing in reportage, portraiture, corporate, entertainment, and advertising projects.  Mr. Streiber's editorial and entertainment clients include Vanity Fair, Entertainment Weekly, Wired, Fortune, ESPN, GQ, ABC, CBS, NBC, HBO, A&E, CNN, MCNBC, Paramount, Sony Pictures, DreamWorks, Warner Brothers Studios, Columbia-TriStar, and Universal Studios, to name a few.  Over the past 15 years, Mr. Streiber's photography has been selected for annual competitions of PDN, Communication Arts, and American Photography. His work can be viewed on his professional website (at http://www.artstreiber.com/).

11.    In 2017, Mr. Streiber created a professional photograph of American actress and film producer Reese Witherspoon (titled "AU11097595") (the "Work"). A copy of the Work is displayed below:



12. The Work was registered by Mr. Streiber with the Register of Copyrights on October 21, 2019 and was assigned Registration No. VA 2-196-130. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

13. Mr. Streiber is the owner of the Work and has remained the owner at all times material hereto.

14. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## II. Defendant's Unlawful Activities

15. Defendant is a personalized styling service for petite women. Defendant focuses on providing a unique shopping experience designed specifically for 5'4" and under, ensuring the perfect fit for each customer.

16. Defendant advertises/markets its business through its website (https://my.shortstorybox.com/), social media (e.g., https://www.instagram.com/shortstorybox/, https://www.pinterest.com/shortstorybox/, https://www.facebook.com/shortstorybox, and https://www.youtube.com/@ShortStoryBox), and other forms of advertising.

17. In April 2023 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://blog.shortstorybox.com/petite-celebrity-style-crush-reese-witherspoon-52/):



(https://blog.shortstorybox.com/content/images/2023/04/3324c154df9fcf8d931d56a84e18c19b.jpg):



18. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media - even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

20. Defendant utilized the Work for commercial use.

21. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

22. Through its ongoing diligent efforts to identify unauthorized use of its

photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on May 30, 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

23. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Mr. Streiber owns a valid copyright in the Work, having registered such photograph with the Register of Copyrights.

27. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("SEQUEL: A SHORT STORY BLOG © 2024. ALL RIGHT RESERVED."), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright ©

2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

DATED: July 12, 2024.            **COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman
Lauren M. Hausman, Esq.
Attorney for Plaintiff
August Image, LLC